FILED

AUG 26 2009

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHEAL H. HOLLAND, MICHEAL W.
BUCKNER, B.V. HYLER and STEVEN F.
SCHAAB as Trustees of the UNITED MINE
WORKERS OF AMERICA 1974 PENSION
TRUST,
2121 K Street NW Suite 350
Washington, D. C. 20037

          Plaintiffs,
v.

ARCSTAR INDUSTRIES, INC., a corporation
PO Box 292
Shady Springs, WV 25918

PRT ENTERPRISES, INC., a corporation,
P.O. Box 707
Beaver, WV 25813

and

PAR-U MINING & DEVELOPMENT
CORPORATION, a corporation,
PO Box 292
Shady Springs, WV 25918

          Defendants.

Case: 1:09-cv-01625
Assigned To : Urbina, Ricardo M.
Assign. Date : 8/26/2009
Description: Labor-ERISA

**COMPLAINT FOR COLLECTION OF**
**EMPLOYER WITHDRAWAL LIABILITY**

Plaintiffs, Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab in their capacities as Trustees of the United Mine Workers of America ("UMWA") 1974 Pension Plan ("1974 Plan"), by their undersigned counsel, for their Complaint against Arcstar Industries, Inc., PRT Enterprises, Inc. and Par-U Mining & Development, allege, upon knowledge with

\1

respect to themselves and their actions and upon information and belief with respect to all other matters, as follows:

### Jurisdiction and Venue

1.  This is an action for declaratory and injunctive relief, and for collection of delinquent withdrawal liability payments, damages, and interest thereon incurred as the result of a withdrawal by an employer from a multiemployer pension plan.

2.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 (1982). This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3.  Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

### Parties

4.  Plaintiffs, Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab, are Trustees of the 1974 Plan. The Trustees administer the 1974 Plan at 2121 K Street, N.W., Washington, D.C. 20037. The Trustees are fiduciaries with respect to the 1974 Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are collectively the plan sponsor of the 1974 Plan within the meaning of Sections 3(16)(b)(iii) and 4001(a)(10)(A) of ERISA, 29 U.S.C. §§ 1002(16)(b)(iii) and 1301(a)(10)(A). The Trustees are authorized to bring this action by Sections 502(a)(3) and 4301(a)(1) and (b) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1) and (b). The 1974 Plan is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.  Defendant Par-U Mining & Development Corporation ("Par-U Mining") is a West Virginia corporation and was engaged in the business of acquiring, producing, processing, and/or cleaning coal and maintaining mine sites.

6.  Par-U Mining was a party to the National Bituminous Coal Wage Agreement of 1988 and the National Bituminous Coal Wage Agreement of 1993 (the "1993 Agreement") (collectively "the Agreements").

7.  Defendants Arcstar Industries, Inc. and PRT Enterprises, Inc. are/were West Virginia corporations that were under "common control" with Par-U Mining within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and regulations promulgated thereunder, 29 C.F.R. Part 2612 on the date of withdrawal. As such, Arcstar Industries, Inc., PRT Enterprises, Inc. and Par-U Mining are a single employer for withdrawal liability purposes and shall be collectively referred to herein as the "Employer."

8.  Pursuant to Par-U Mining's obligations under the terms of the Agreements, Par-U Mining was a participating employer in the 1974 Plan and was obligated to and did make contributions to the 1974 Plan on behalf of its employees covered under the Agreements. Par-U Mining permanently ceased covered operations under the 1974 Plan in the plan year ending June 30, 1995.

9.  As a result of Par-U Mining's cessation of operations, the Employer withdrew from the 1974 Plan in a complete withdrawal, as the term is defined in Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

10. As a result of Par-U Mining's complete withdrawal from the 1974 Plan, the Employer incurred withdrawal liability to the 1974 Plan in the amount of $229,873.52, determined under Section 4211(d)(1) of ERISA, 29 U.S.C. § 1391(d)(1).

11. Pursuant to Sections 4202(2) and 4219 of ERISA, 29 U.S.C. §§ 1382(2) and 1399, Plaintiffs notified the Employer of their withdrawal liability by letter dated May 28, 2008. ("Notice & Demand"). Plaintiffs demanded withdrawal liability of $229,873.53, and determined that the Employer was required to discharge that liability in monthly payments. Plaintiffs advised the Employer that the first payment was due on August 5, 2008. In the alternative, Plaintiffs offered the Employer the option of paying its withdrawal liability in a lump sum.

12. By letter dated August 7, 2008, Arcstar acknowledged receipt of the 1974 Plan's Notice and Demand and submitted its first monthly payment. Arcstar submitted three more monthly payments on or about September 8, 2008, October 3, 2008 and November 6, 2008. However, the Employer has made no further payments since November 2008.

13. By letter dated March 16, 2009, the 1974 Plan demanded payment of all past due withdrawal liability payments, plus interest, no later than May 25, 2009, and stated that if these payments were not made, then the entire withdrawal liability debt would be accelerated and due, together with interest, by May 25, 2009. ("Default Notice")

14. The Employer has made no payments in response to the 1974 Plan's Default Notice.

15. By letter dated July 21, 2009, the 1974 Plan demanded payment of the withdrawal liability of $224,632.20 plus interest. The Employer made no payments in response to this letter.

16. The Employer has failed to make the withdrawal liability and interest payments demanded by the Plaintiffs. In addition, the Employer has not requested review of any specific matter relating to the determination of the employer's liability and schedule of payments nor identified any inaccuracy in the determination of the amount of unfunded vested benefits allocable to the employer, pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A). Accordingly, the Employer is in default within the meaning of Section

4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and the entire amount of its withdrawal liability is now due and payable.

17.    The failure of the Employer to make withdrawal liability payments in accordance with Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), has caused the 1974 Plan to sustain loss of investment income and has further caused the 1974 Plan to incur administrative and legal expenses.

18.    The Employer has failed to discharge its statutory obligations and has caused Plaintiffs to suffer immediate, continuing, and irreparable injury. Plaintiffs are without an adequate remedy at law.

WHEREFORE, the Plaintiffs pray that judgment be entered in their favor:

(a)    Declaring that Defendants Arcstar Industries, Inc., PRT Enterprises, Inc. and Par-U Mining & Development Corporation have completely withdrawn from the 1974 Plan;

(b)    Declaring that the amount of Defendants Arcstar Industries, Inc., PRT Enterprises, Inc. and Par-U Mining & Development Corporation withdrawal liability to the 1974 Plan is $224,632.20;

(c)    Declaring that Defendants Arcstar Industries, Inc., PRT Enterprises, Inc. and Par-U Mining & Development Corporation are in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and that the entire amount of withdrawal liability set forth in paragraph (b) is due and payable to the 1974 Plan;

(d)    Ordering that Defendants Arcstar Industries, Inc., PRT Enterprises, Inc. and Par-U Mining & Development Corporation pay in full the withdrawal liability as set forth in paragraph (b), plus interest thereon from the date such amount became

due and owing, together with liquidated damages pursuant to Sections 502(g)(2), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b);

(e)     Ordering that Defendants Arcstar Industries, Inc., PRT Enterprises, Inc. and Par-U Mining & Development Corporation pay Plaintiffs' attorney's fees, audit costs, and other costs and disbursements associated with this action pursuant to Sections 502(g)(2), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b); and

(f)     Ordering such other and further relief as this Court deems appropriate.

Respectfully submitted,

DAVID W. ALLEN
D.C. Bar No. 81638
General Counsel

_____
LARRY D. NEWSOME
D.C. Bar No. 254763
Associate General Counsel

_____
JONATHAN SOKOLOW
D.C. Bar No. 457267
Senior Assistant General Counsel

UMWA 1974 PENSION PLAN
Office of the General Counsel
2121 K Street, NW Suite 350
Washington, D.C. 20037-1801
Telephone: 202-521-2238

Attorneys for Plaintiffs